UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LYLAS G. MOGK, M.D.**, on behalf of herself
and a class of all persons similarly situated,

    Plaintiffs,

v.

**HENRY FORD HEALTH** and **HENRY FORD MEDICAL GROUP**,

    Defendants.
_____/

Case No. 2:23-cv-12455

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff LYLAS G. MOGK, on behalf of herself and a class of all persons similarly situated, by and through their attorneys, NICKELHOFF & WIDICK, PLLC, and BOGAS & KONCIUS, PC, and complains of Defendants HENRY FORD HEALTH and HENRY FORD MEDICAL GROUP as follows:

**JURISDICTION AND VENUE**

1. This Complaint is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended (ADEA), 29 USC § 621 *et seq.*, the Americans with Disabilities Act of 1991, as amended (ADA), 42 USC § 12101*et seq.,* Title II of the Genetic Information Nondiscrimination Act OF 2008 (GINA), 42 USC § 2000ff *et seq.* and Michigan's Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*, and Persons With Disabilities Civil Rights Act, MCL § 37.1101 *et*

1

*seq.* to redress unlawful discrimination in employment because of age, disability and genetic information.

2. The jurisdiction of this Court is invoked pursuant to Title 28 USC §1331 and §1343(a)(4). Jurisdiction for the declaratory relief sought and such other relief as may be predicated thereon is premised upon the Declaratory Judgments Act, 28 USC §§2201 and 2202. This Court has supplemental jurisdiction over Plaintiffs' claims under Michigan's Elliott-Larsen Civil Rights Act, *supra*, and the Persons With Disabilities Civil Rights Act, *supra,* pursuant to 28 USC §1367(a).

3. Venue lies in the Eastern District of Michigan pursuant to 28 USC §1391(b) and (c).

## PARTIES

4. Plaintiff Lylas G. Mogk is a physician (opthamologist) who was born on April 29, 1939 and is therefore eighty-four years of age. Dr. Mogk resides in Grosse Pointe Park, Michigan within the Eastern District of Michigan and is an employee of the Defendant Henry Ford Health within the meaning of Section 11(f) of the Age Discrimination in Employment Act of 1967, as amended, 29 USC §630(f), Section 101 (4) of the Americans with Disabilities Act of 1991, as amended, 42 USC § 12111(4), Section 201 (A) of Title II of the Genetic Information Nondiscrimination Act, 42 USC 2000ff (2)(A), Sections 201 (a) and 202(1)(b) of the Elliott-Larsen Civil Rights Act, MCL §§37.2201(b) and 37.2202(1)(b) and Sections

2

201(a) and(b) and 202(1)(e) of the Persons With Disabilities Civil Rights Act, MCL §§37.1201(a) and (b) and 37.1202(1)(e).

5. Defendant Henry Ford Health is a corporation incorporated under the laws of the State of Michigan with corporate offices located at One Ford Place, Detroit, Michigan 48202 within the Eastern District of Michigan, and is an "employer" within the meaning of Section 11(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 USC §630(b), Section 101(5)(A) of the Americans with Disabilities Act, as amended, 42 USC §12111(5)(A), Section 201(B) of Title II of the Genetic Information Nondiscrimination Act, 42 USC 2000ff (2)(B), Sections 201(a) and 202(1)(b) of the Elliott-Larsen Civil Rights Act, M.C.L.A. §§37.2201(a) and 37.2202(1)(b) and Sections 201(b) and 202(1)(e) of the Persons With Disabilities Civil Rights Act, MCL §§37.1201(b) and 37.1202(1)(e).

6. Defendant Henry Ford Medical Group holds itself out as "one of the nation's largest and most experienced group practices, with more than 1,900 physicians and researchers in more than 40 specialties" (https://www.henryford.com/about/hfmg). Defendant Henry Ford Medical Group is an "agent" of the Defendant Henry Ford Health within the meaning of Section 11(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 USC §630(b), Section 101(5)(A) of the Americans with Disabilities Act, as amended, 42 USC §12111(5)(A), Sections 201(a) of the Elliott-Larsen Civil Rights Act, M.C.L.A.

§§37.2201(a) and Section 201(b) of the Persons with Disabilities Civil Rights Act, MCL § 37.1201(b)

## BACKGROUND FACTS

7. Plaintiff LYLAS G. MOGK has been employed since January 1, 1995 by Defendant Henry Ford Health and/or its predecessors and is the founder and immediate past Director of the Henry Ford Center for Vision Rehabilitation and Research. Dr. Mogk is also a "member" of the Henry Ford Medical Group and is therefore subject to the "Henry Ford Medical Group Senior and Bioscientific Staff Fitness for Duty Policy" which was adopted by the Henry Ford Medical Group Board of Directors and became effective on July 2, 2017.

8. In relevant part, the "Henry Ford Medical Group Senior and Bioscientific Staff Fitness for Duty Policy" provides: "Effective July 2, 2017, all members of HFMG who have reached 70 years of age will have screening assessment for cognition. This assessment is solely based on age. This evaluation will be repeated at age 75 and annually thereafter.. . .The screening assessment for cognition will be done by the HFHS Behavioral Services Department. The Behavioral Services Department will send results of all FFD examinations to the Medical Staff Office. If further evaluation is required, the HFMG member will be required to have a full Fitness for Duty Evaluation by an Independent Assessor. The Medical Staff Office will communicate to Chair when further testing is required. IF an HFMG member

4

fails to comply with the age-based screening requirement, the employee will voluntarily resign or be terminated."

9.  Solely because she had reached 70 years of age at the time the "Henry Ford Medical Group Senior and Bioscientific Staff Fitness for Duty Policy" became effective on July 2, 2017 and for no other reason, Dr. Mogk was required to undergo the screening assessment for cognition. Dr. Mogk underwent the screening assessment for cognition and was subject to a prohibited acquisition of genetic information March 9, 2018.

10. Solely because they had reached 70 years and for no other reason, members of the plaintiff class subject to the "Henry Ford Medical Group Senior and Bioscientific Staff Fitness for Duty Policy" were required to undergo the screening assessment for cognition. Upon information and belief, some members of the plaintiff class subject to the "Henry Ford Medical Group Senior and Bioscientific Staff Fitness for Duty Policy" were also required to undergo a full Fitness for Duty Evaluation by an Independent Assessor and were subject to a prohibited acquisition of genetic information.

11. Solely because she had reached 75 years of age at the time the "Henry Ford Medical Group Senior and Bioscientific Staff Fitness for Duty Policy" became effective on July 2, 2017 and for no other reason, Dr. Mogk will also be required to undergo the screening assessment for cognition annually hereafter.

5

12. Solely because they had reached 75 years of age and for no other reason, members of the plaintiff class subject to the "Henry Ford Medical Group Senior and Bioscientific Staff Fitness for Duty Policy" were required to undergo the screening assessment for cognition annually.

## STATEMENT OF CLAIMS

### COUNT I
### (STATEMENT OF CLAIM FOR DISCRIMINATION BECAUSE OF AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED)

13. Plaintiffs adopt by reference pursuant to Fed. R. Civ. P. 10(c) paragraphs 1-12 as if fully set forth, paragraph by paragraph.

14. Defendants HENRY FORD HEALTH and HENRY FORD MEDICAL GROUP limited, segregated, or classified employees of HENRY FORD HEALTH in a way would deprive or tend to deprive those employees, including Plaintiff LYLAS G. MOGK and members of the Plaintiff class, of employment opportunities or otherwise adversely affect their status as employees, because of their ages.

15. Defendants' actions in limiting, segregating, or classifying employees of HENRY FORD HEALTH in a way would deprive or tend to deprive those employees, including Plaintiff LYLAS G. MOGK and members of the Plaintiff class, of employment opportunities or otherwise adversely affect their status as employees, because of their ages violated Section 4(a)(2) of the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 623(a)(2).

16. Plaintiffs LYLAS G. MOGK and members of the Plaintiff class have suffered and will continue to suffer damages as a result of Defendants' actions, including, but not limited to, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## COUNT II
### (STATEMENT OF THE CLAIM DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1991)

17. Plaintiffs adopt by reference pursuant to Fed. R. Civ. P. 10(c) paragraphs 1-16 as if fully set forth, paragraph by paragraph.

18. Defendants HENRY FORD HEALTH and HENRY FORD MEDICAL GROUP subjected Plaintiff LYLAS G. MOGK and members of the Plaintiff class to medical examinations or inquiries which were not job related or consistent with business necessity within the meaning of Subsection 102(d)(4)(A) of the Americans with Disabilities Act of 1991, as amended, 42 USC § 12112(d)(4)(A), because at the time of such exams/inquiries, Defendants did not have a reasonable basis for believing that Plaintiffs were unable to perform the essential functions of their jobs or that they posed a direct threat to their own safety or the safety of others.

19. Defendants' actions in subjecting Plaintiff LYLAS G. MOGK and members of the Plaintiff class to medical examinations or inquiries which were not job related or consistent with business necessity within the meaning of subsections

7

102(b)(6) and 102(d)(4)(A) of the Americans with Disabilities Act of 1991, as amended, 42 USC § 12112(b)(6) and(d)(4)(A), violated subsections 102(b)(6) and 102(d)(4)(A) of the Americans with Disabilities Act of 1991, as amended, 42 USC § 12112(b)(6) and(d)(4)(A).

20. Plaintiffs LYLAS G. MOGK and members of the Plaintiff class have suffered and will continue to suffer damages as a result of Defendants' actions, including, but not limited to, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## COUNT III

### (STATEMENT OF CLAIM FOR DISCRIMINATION IN VIOLATION OF GENETIC INFORMATION NONDISCRIMINATION ACT OF 2008)

21. Plaintiffs adopt by reference pursuant to Fed. R. Civ. P. 10(c) paragraphs 1-20 as if fully set forth, paragraph by paragraph.

22. Defendants HENRY FORD HEALTH and HENRY FORD MEDICAL GROUP subjected Plaintiff LYLAS G. MOGK and members of the Plaintiff class to a prohibited acquisition of genetic information within the meaning of Section 202 of Title II of the Genetic Information Nondiscrimination Act of 2008 (GINA), 42 USC § 2000ff-1 (b).

23. Defendants' actions in subjecting Plaintiff LYLAS G. MOGK and members of the Plaintiff class to a prohibited acquisition of genetic information

violated Section 202 of Title II of the Genetic Information Nondiscrimination Act of 2008 (GINA), 42 USC § 2000ff-1 (b).

24. Plaintiffs LYLAS G. MOGK and members of the Plaintiff class have suffered and will continue to suffer damages as a result of Defendants' actions, including, but not limited to, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## COUNT IV

### (STATEMENT OF THE CLAIM FOR DISCRIMINATION BECAUSE OF AGE IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT)

25. Plaintiffs adopts by reference pursuant to Fed. R. Civ. P. 10(c) paragraphs1-24 as if fully set forth, paragraph by paragraph.

26. Defendants HENRY FORD HEALTH and HENRY FORD MEDICAL GROUP limited, segregated, or classified employees of HENRY FORD HEALTH in a way would deprive or tend to deprive those employees, including Plaintiff LYLAS G. MOGK and members of the Plaintiff class, of employment opportunities or otherwise adversely affect their status as employees, because of their ages.

27. Defendants' actions in limiting, segregating, or classifying employees of HENRY FORD HEALTH in a way would deprive or tend to deprive those employees, including Plaintiff LYLAS G. MOGK and members of the Plaintiff

9

class, of employment opportunities or otherwise adversely affect their status as employees, because of their ages violated Section 202(1)(b) of the Elliott-Larsen Civil Rights Act, MCL § 37.2202(1)(b).

28. Plaintiffs LYLAS G. MOGK and members of the Plaintiff class have suffered and will continue to suffer damages as a result of Defendants' actions, including, but not limited to, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## COUNT V

### (STATEMENT OF CLAIM FOR DISCRIMINATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT)

29. Plaintiffs adopt by reference pursuant to Fed. R. Civ. P. 10(c) paragraphs 1-28 as if fully set forth, paragraph by paragraph.

30. Defendants HENRY FORD HEALTH and HENRY FORD MEDICAL GROUP subjected Plaintiff LYLAS G. MOGK and members of the Plaintiff class to mental examinations which were not directly related to the requirements of their specific jobs within the meaning of Subsection 202(1)(e) of Michigan's Persons with Disabilities Civil Rights Act, MCL § 37.1202(1)(e), because at the time of such exams, Defendants did not have a reasonable basis for believing that Plaintiffs were unable to perform the essential functions of their jobs or that they posed a direct threat to their own safety or the safety of others.

10

31. Defendants' actions in subjecting Plaintiff LYLAS G. MOGK and members of the Plaintiff class to mental examinations which were not directly related to the requirements of their specific jobs within the meaning of Subsection 202(1)(e) of Michigan's Persons with Disabilities Civil Rights Act, MCL § 37.1202(1)(e), violated Subsection 202(1)(e) of Michigan's Persons with Disabilities Civil Rights Act, MCL § 37.1202(1)(e).

32. Plaintiffs LYLAS G. MOGK and members of the Plaintiff class have suffered and will continue to suffer damages as a result of Defendants' actions, including, but not limited to, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LYLAS G. MOGK, on behalf of herself and a class of all persons similarly situated, respectfully requests that this Court enter judgment against Defendants HENRY FORD HEALTH and HENRY FORD MEDICAL GROUP for the following relief:

A. A Declaratory Judgment pursuant to 28 U.S.C. §2201 declaring unlawful and violative of the rights of Plaintiffs the following actions of Defendants:

    1. limiting, segregating, or classifying employees of HENRY FORD HEALTH in a way would deprive or tend to deprive those employees,

including Plaintiff LYLAS G. MOGK and members of the Plaintiff class, of employment opportunities or otherwise adversely affect their status as employees, because of their ages in violation of Section 4(a)(2) of the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 623(a)(2).

2. subjecting Plaintiff LYLAS G. MOGK and members of the Plaintiff class to medical examinations or inquiries which were not job related or consistent with business necessity within the meaning of Subsection 102(d)(4)(A) of the Americans with Disabilities Act of 1991, as amended, 42 USC § 12112(d)(4)(A), because at the time of such exams/inquiries, Defendants did not have a reasonable basis for believing that Plaintiffs were unable to perform the essential functions of their jobs or that they posed a direct threat to their own safety or the safety of others.

3. subjecting Plaintiff LYLAS G. MOGK and members of the Plaintiff class to a prohibited acquisition of genetic information, in violation of Section 202 of Title II of the Genetic Information Nondiscrimination Act of 2008 (GINA), 42 USC § 2000ff-1 (b).

4. limiting, segregating, or classifying employees of HENRY FORD HEALTH in a way would deprive or tend to deprive those employees,

        including Plaintiff LYLAS G. MOGK and members of the Plaintiff class, of employment opportunities or otherwise adversely affect their status as employees, because of their ages in violation of Section 202(1)(b) of Michigan's Elliott-Larsen Civil Rights Act, MCL § 37.2202(1)(b).

5.     subjecting Plaintiff LYLAS G. MOGK and members of the Plaintiff class to mental examinations which were not directly related to the requirements of the specific job within the meaning of Subsection 202(1)(e) of Michigan's Persons with Disabilities Civil Rights Act, MCL § 37.1202(1)(e), in violation of Subsection 202(1)(e) of Michigan's Persons with Disabilities Civil Rights Act, MCL § 37.1202(1)(e).

B.  Preliminary and Permanent Injunctive Relief enjoining Defendants from continuing to implement their HFMG Senior and Bioscientic Staff Fitness for Duty Policy;

C.  Award Plaintiffs LYLAS G. MOGK and the Plaintiff class back pay/damages for lost earnings, with interest, including liquidated damages under Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 626(b) for any compensation lost by them as a result of Defendant's implementation of their HFMG Senior and Bioscientic Staff Fitness for Duty Policy;

D. Award Plaintiff LYLAS G. MOGK and the Plaintiff class compensatory damages pursuant to Section 7(b) of the Age Discrimination in Employment Act, as amended, 29 USC § 626(b), Section 107(a) of the Americans with Disabilities Act, 42 USC 12117(a), the Civil Rights Act of 1991, 42 U.S.C. §1981A (a)(1)and (2), Section 207 of Title II of the Genetic Information Nondiscrimination Act, 42 USC § 2000ff-6, Section 801 of Michigan's Elliott-Larsen Civil Rights Act, MCL § 37.2801(1) and Section 606 of the Persons with Disabilities Civil Rights Act, MCL § 37.1606.

E. Award Plaintiff LYLAS G. MOGK and the Plaintiff class the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Age Discrimination in Employment Act of 1967, *supra,* Section 505 of the Americans with Disabilities Act of 1991, 42 USC §12205, Section 207 of Title II of the Genetic Information Nondiscrimination Act, 42 USC § 2000ff-6, Section 802 of Elliott-Larsen, M.C.L.A. 37.2802 and Section 606 of the Persons with Disabilities Civil Rights Act, MCL § 37.1606.

F. Award Plaintiff LYLAS G. MOGK and the Plaintiff class such other and additional legal and equitable relief to which they may be entitled and/or which the Court deems necessary or appropriate to effectuate the purposes of the Age Discrimination in Employment Act of 1967, as amended, *supra*, the Americans with Disabilities Act of 1991, *supra, as amended* by the Civil Rights Act of 1991, the

14

Genetic Information Nondiscrimination Act of 2008 (GINA) and/or Michigan's Elliott-Larsen Civil Rights Act, *supra* and Persons with Disabilities Civil Rights Act, *supra*.

Respectfully submitted,

| NICKELHOFF & WIDICK, PLLC | BOGAS & KONCIUS, PC |
|---|---|
| */s/ John R. Runyan* | */s/ Kathleen L. Bogas* |
| JOHN R. RUNYAN (P 19763) | KATHLEEN L. BOGAS (P25164) |
| 333 W. Fort Street, Suite 1400 | 31700 Telegraph Road, Suite 160 |
| Detroit, Michigan 48226 | Bingham Farms, Michigan 48025-3404 |
| (248) 561-9737 | (248) 502-5000 |
| *jrunyan@michlabor.legal* | *kbogas@kbogaslaw.com* |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

Dated: September 28, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LYLAS G. MOGK, M.D.**, on behalf of herself
and a class of all persons similarly situated,

      Plaintiffs,

  v.

**HENRY FORD HEALTH** and **HENRY FORD MEDICAL GROUP**,

      Defendants.
_____/

Case No. 2:23-cv-12455

## PLAINTIFFS' JURY DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiffs LYLAS G. MOGK, on behalf of herself and a class of all persons similarly situated, demands trial by jury of any and all issues triable by right by a jury.

| NICKELHOFF & WIDICK, PLLC | BOGAS & KONCIUS, PC |
|---|---|
| */s/ John R. Runyan* | */s/ Kathleen L. Bogas* |
| JOHN R. RUNYAN (P19763) | KATHLEEN L. BOGAS (P25164) |
| 333 W. Fort Street, Suite 1400 | 31700 Telegraph Road, Suite 160 |
| Detroit, Michigan 48226 | Bingham Farms, Michigan 48025-3404 |
| (313) 496-9435 | (248) 502-5000 |
| *jrunyan@michlabor.legal* | *kbogas@bogaslaw.com* |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

Dated: September 28, 2023